# Barry et ux. v. The Baltimore American Insurance Company of New York

*James R. Scouton,* for plaintiffs.

*E. F. McGovern,* for defendant.

VALENTINE, J., April 13, 1936.—This is a suit upon a fire insurance policy. Defendant has moved to strike plaintiff's statement from the record. The complaint relates to paragraphs 4, 6 and 7.

Paragraph 4 reads as follows:

"During the term for which said policy was written, to-wit: on or about the twenty-seventh day of January, 1935, a fire occurred totally destroying the property covered by the said policy of insurance. The destruction of said buildings was not caused directly or indirectly by invasion, insurrection, riot, civil war or commotion, or military or usurped power, or by order of any civil authority, and as a result of said fire, the building insured under the terms of said policy was totally destroyed by fire on the date aforesaid."

Paragraph 6 alleges:

"The total loss arising from the fire which consumed the property insured under said policy amounted to $4,-766.24, and at the time said fire occurred there was $1,500 of other insurance carried by plaintiff upon said property, as follows, to-wit:

"$700 in Philadelphia Fire & Marine Insurance Co. of Philadelphia, Pa., by policy No. 392832, dated June 11, 1934.

"$800 in Agricultural Insurance Company of Watertown, New York, by policy No. 10569, dated June 11, 1934."

Paragraph 7 sets forth:

"Plaintiffs claim of the defendant the sum of $1,500, in accordance with the statement hereto attached, marked Exhibit 'B', and made part hereof, which said exhibit contains an itemized list of the loss sustained. Interest is claimed on said amount from April 1, 1935."

Defendant complains that paragraphs 4 and 6 contain more than one material allegation and that paragraphs 6 and 7 are vague and indefinite.

The provision of section 5 of the Practice Act of May 14, 1915, P. L. 483, that "Every pleading . . . shall be divided into paragraphs numbered consecutively, each of which shall contain but one material allegation", is to be given a reasonable construction. A statement of claim does not offend such provision because one paragraph contains various statements of fact, provided when taken as a whole they constitute one material allegation: County of Washington v. Underwood, 74 Pitts. 433. It is impossible to lay down any general arbitrary rule as to what constitutes a single material allegation, and the pleader in each case must be guided by the exigency of the case: Commonwealth, to use, v. New Amsterdam Casualty Co., 3 D. & C. 77. Nor is a paragraph of a statement to be deemed violative of the act because it contains subordinate allegations tending to modify, clarify or explain a material allegation contained therein: Wolfe v. Best, 1 D. & C. 732.

Paragraph 4 contains several statements of fact but only one material allegation, namely, that on January 27, 1935, the building covered by the policy was destroyed by fire caused in a manner which imposed liability upon defendant. So also paragraph 6 contains two averments of fact, namely, plaintiff's total loss and the amount of other insurance carried on the building, but embraces only one material allegation, viz., that plaintiff's loss exceeded the full amount of the policy. Nor can we regard paragraph 7 as being vague and indefinite. It sets forth the amount of plaintiff's claim which represents the loss alleged to have been sustained.

Rule discharged.